UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X
JOAV A. NAGAR,

           Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and JOHN DOES 1-10,

           Defendants
───────────────────────────────────────X

**AMENDED VERIFIED COMPLAINT**

Civil Action No.
16-CV-1588 (AMD)(JO)

Plaintiff Joav Nagar (the "Plaintiff"), complaining of defendants The City of New York (the "City"), The New York City Police Department (the "NYPD") and JOHN DOES "1-10" (collectively, the "Defendants"), by his attorneys, the Law Offices of Morris Fateha, alleges upon information and belief as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff was and is a natural person residing at 510 Gravesend Neck Road, Brooklyn, New York 11223.

2. The City is a municipal organization with an address for the service of process at the Comptroller of the City of New York, Municipal Building-Room 1225, 1 Centre Street, New York, New York 10007.

3. The NYPD is a municipal organization with an address for the service of process at the Comptroller of the City of New York, Municipal Building-Room 1225, 1 Centre Street, New York, New York 10007.

4. JOHN DOES "1-10" are fictitious and meant to represent the individual arresting officers and others responsible for the false imprisonment and subsequent injuries sustained by Plaintiff.

## JURISDICTION AND VENUE

5. Plaintiff brings this suit under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and New York State law, seeking declaratory relief and damages.

6. This Court has supplemental jurisdiction of the New York State law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper within this District under 28 U.S.C. §1391(b)(l) as one or more of the defendants reside or maintain a place of business in this District.

## RELEVANT BACKGROUND FACTS

8. Upon information and belief, Defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

9. That on May 12, 2013, plaintiff was arrested pursuant to a warrant related to a certain traffic infraction.

10. That a court held the Plaintiff for almost a year and one month and tried and dismissed the plaintiff's case on November 21, 2014.

11. That plaintiff was tried and found not guilty of all pending criminal charges against him.

12. That the commitment signed by the Judge ordered plaintiff's imprisonment in the Kirby Psychiatric Center for over six months was illegal for violating MDL § 80.

13. That the commitment was void on its face.

14. That plaintiff was kept in jail for almost 391 days.

15. That a result of the arrest and illegal imprisonment that the plaintiff suffered, plaintiffs health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was permanently impaired, large sums of money were expended by plaintiff in his defense, all to the plaintiffs damage in an amount to be determined upon the trial of this action.

16. That on May 12, 2013, the plaintiff herein was arrested for aggravated operating a vehicle without a license by a police officer employed by defendant when in fact Plaintiff was merely a passenger in a car.

17. That this arrest was illegal and without authority of law.

18. That plaintiff was held in custody in the detention cells of the police station and then held in the detention cells of a jail at Rikers Island, 15-00 Hazen St, East Elmhurst, NY 11370.

19. That this is an action for personal injuries and conscious pain and suffering sustained by claimant.

20. That this action is based upon the negligence, carelessness, and recklessness of Defendants, their agents, servants, and/or employees.

21. That upon information and belief, that at all times hereinafter mentioned, Defendants employed the warrant officers, policemen, jailers, warden, magistrates, court attendants, clerks, corporation counsel and assistants, drivers, and others hereinafter mentioned in this complaint.

22. That as a result of the arrest and illegal imprisonment, Plaintiff suffered, Plaintiff's health was impaired, Plaintiff suffered great mental distress, Plaintiff's reputation and character were injured, Plaintiff's earning power was permanently impaired, expenses were incurred by Plaintiff to secure his release, all to the Plaintiff's damage in an amount to be determined upon the trial of this action.

23. That Plaintiff's condition is still being investigated and there may be other injuries that have been sustained that have not been alleged or diagnosed thus far.

24. That in addition to the aforesaid injuries, Plaintiff sues for conscious pain and suffering and the associated pain, disabilities, discomforts, impairments, impediments, and restriction of motion in the affected areas, agony, shock, mental anguish and limitation of bodily functions and normal daily activities.

## EXHAUSTION

25. That Plaintiff has exhausted all administrative remedies available to him.

## PREVIOUS LAWSUITS

26. That Plaintiff has not filed any prior lawsuits in this or any other court related to his false arrest and imprisonment.

## AS AND FOR A FIRST CLAIM
### (False Imprisonment)

27. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

28. Defendants falsely imprisoned Plaintiff by willfully detaining Plaintiff without his consent, and in the absence of authority to do so, by confining him to prison based on a warrant for which he would ultimately be exonerated.

29. At the time of the false imprisonment, Plaintiff knew that his freedom of movement had been restricted.

30. As a direct and proximate result of the actions of Defendants, Plaintiff was physically, emotionally and financially injured and suffered damages.

31. Defendants engaged in conduct with malice and reckless or callous indifference to the rights of Plaintiff.

## AS AND FOR A SECOND CLAIM
### (42 U.S.C. §1983)

32. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

33. Defendants knew they had a legal obligation to protect Plaintiff from assault and attack.

34. Plaintiff was attacked and assaulted by four men while in Defendants' custody and care, leading to serious physical injuries.

35. With deliberate indifference to Plaintiff's personal safety, Defendants failed to protect him from substantial risk of serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

36. The deprivations of Plaintiffs rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

## AS AND FOR A THIRD CLAIM
### (Outrageous Conduct/Intentional Infliction of Emotional Distress)

37. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

38. Defendants, acting within the scope of their employment and/or agency, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme conduct by failing to protect Plaintiff from assault and attack by four (4) men while in Defendant's custody and care, and by promoting a threatening and unduly hostile and antagonistic environment.

39. As a direct and proximate result of Defendants' acts, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

40. Defendants engaged in conduct with malice and reckless or callous indifference to the rights of Plaintiff.

## DEMAND FOR JURY TRIAL

41. Plaintiff hereby demands a jury trial on all claims with respect to which he has a right to jury trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs requests the following relief from this Court:

(1) A declaration that the policies, practices, acts and omissions complained of herein violated Plaintiff s rights;

(2) Compensatory damages against each Defendant, jointly and severally, in excess of Three Million ($3,000,000.00) Dollars;

(3) Punitive damages against each Defendant;

(4) Retention of jurisdiction over Defendants until such time that the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions no longer exist and will not recur;

(5) Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

(6) Such other relief as the Court may deem just and proper.

Dated: March 14, 2017

**LAW OFFICES OF MORRIS FATEHA**
*Attorneys for Plaintiff*
*Joav A. Nagar*
By: /s/ Morris Fateha     .
Morris Fateha, Esq.
911 Avenue U
Brooklyn, New York 11223
(718) 627-4600

7